F I L E D
CLERK OF COURT

2024 JUL 15 AM 11: 15

SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM**<br><br>vs.<br><br>**UGOCHUKWU E. AKOMA,**<br><br>Defendant. | Criminal Case No. CM0363-22<br>GPD Report No. 21-26405<br><br><br>**DECISION AND ORDER**<br>(Motion to Dismiss) |

This matter came before the Honorable Alberto E. Tolentino on April 15, 2024, upon Defendant Ugochukwu E. Akoma's oral motion to dismiss this case with prejudice. At the hearing, Attorney Joaquin C. Arriola, Jr. appeared on behalf of Defendant, and Assistant Attorney General Randall Winston B. Albright appeared on behalf of the People of Guam ("People"). Having duly considered the oral arguments, subsequent written briefings, and the applicable law, the Court **DENIES** Defendant's Motion.

## BACKGROUND

Defendant, a medical doctor, stands accused of two counts of Fourth Degree Criminal Sexual Conduct (as a Misdemeanor). Mag. Compl. (Oct. 20, 2022). Defendant's jury trial began on April 8, 2024, and concluded on April 15, 2024, with the declaration of a mistrial. As explained in more detail in the Court's April 19, 2024, Decision and Order, the trial was plagued with evidentiary issues, which ultimately led to the exclusion of much of the People's evidence. Defendant eventually requested, and the Court granted, a mistrial. *See generally* Dec. & Order (Apr. 19, 2024).

Upon the Court's grant of mistrial, Defendant informed the Court that he intended to make an oral motion to dismiss the case with prejudice. The Court heard Defendant's oral motion for dismissal later that same day. At oral arguments, Defendant made two core arguments: a retrial would violate double jeopardy, and rescheduling this trial would lead to a violation of his statutory right to a speedy trial. Min. Entry at 2:15:04 PM (Mot. Hr'g, Apr. 15, 2024). The People argued in response that double jeopardy does not apply to these facts and that there is still time on the speedy trial "clock" for a retrial. *Id.* at 2:28:05 PM. At the conclusion of the hearing, the Court took the matter under advisement. *Id.* at 2:55:05 PM. The Court also gave parties leave to submit written briefing by the end of the following day. *Id.* at 2:52:15 PM. Both parties did so. *See* Mot. Dismiss (Apr. 16, 2024); Opp. Mot. Dismiss (Apr. 16, 2024).

## DISCUSSION

### 1. Double Jeopardy Does Not Bar Defendant's Retrial

The general rule is that when a mistrial is granted upon the request of the defendant, double jeopardy does not bar a retrial. *People v. Pablo*, 2016 Guam 29 ¶ 25; *Oregon v. Kennedy*, 456 U.S. 667 (1982). This is because "a motion by the defendant is deemed to be a deliberate election on his part to forgo his valued right to have his guilt or innocence determined by the first trier of fact." *United States v. Scott*, 437 U.S. 82, 93 (1978). However, both the Guam Supreme Court and the U.S. Supreme Court have recognized a "narrow exception" to this rule in the circumstance where "the mistrial arose from prosecutorial or judicial actions done in order to goad the defendant into requesting a mistrial." *Id.* Defendant argues that he was "goaded" into requesting a mistrial here by the People's "lack of preparation and inability to meet basic evidentiary burdens, and repeated motions to reconsider basic evidentiary rulings." Mot. Dismiss at 6; *see generally* Dec. & Order (Apr. 19, 2024) (summarizing the evidentiary issues).

The burden of proof on a "goading" claim belongs to the defendant and is a difficult standard to meet. *See Earnest v. Dorsey*, 87 F.3d 1123, 1130 (10th Cir. 1996) (the standard is "extremely exacting"); *People v. August*, 375 P.3d 140, 144 (Colo. Ct. App. 2016) ("a heavy burden"); *People v. Dawson*, 397 N.W.2d 277, 282 (Mich. Ct. App. 1986) (a "near impossible burden"); *see also Kennedy*, 456 U.S. at 688 (Stevens, J., concurring) ("It is almost inconceivable that a defendant could prove that the prosecutor's deliberate misconduct was motivated by an intent to provoke a mistrial."). Thus, "in practice, the *Kennedy* standard is rarely met. . . . Nationwide, such cases are few and far between." *United States v. Lopez-Avila*, 678 F.3d 955, 962 (9th Cir. 2012).

The key inquiry is "whether the conduct giving rise to the mistrial in this case was *intended to provoke* a mistrial." *Pablo*, 2016 Guam 29 ¶ 26 (emphasis in original). A defendant must show that the prosecutor had the specific "intent to terminate the trial," not an "intent to prevail at trial by impermissible means." *United States v. Oseni*, 996 F.3d 183, 188 (7th Cir. 1993). If "prosecutorial misconduct—regardless of its character—is not intentionally designed to provoke the defendant into moving for a mistrial, then reprosecution is not barred." *State v. Breit*, 930 P.2d 792, 298 (N.M. 1996). Thus, "gross negligence by the prosecutor, or even intentional conduct that seriously prejudices the defense, is insufficient." *United States v. Buck*, 847 F.3d 267, 272 (5th Cir. 2017); *see Dawson*, 397 N.W.2d at 283 ("Negligent error, 'gross' or otherwise, may properly lead to a mistrial, but in the absence of willfulness should not rise to the level of a constitutional bar on retrials.").

The Court must consider the "objective facts and circumstances" of the trial to determine the "existence or nonexistence of intent" to provoke a mistrial. *Kennedy*, 456 U.S. at 675. Here, the Court is not persuaded that the People's evidentiary errors were made with the specific purpose of goading Defendant into requesting a mistrial. As Defendant himself notes:

> In retrospect, what is clear is that the assigned prosecutor was foisted into this case
> at the last minute. Witnesses were not prepared, exhibits were reviewed and

Page **3** of **9**

updated and lists were haphazardly filed at the 11th hour. And most important to the mistrial, the actual exhibits were not reviewed with the corresponding witnesses to prepare to meet the foundational requirements of admissibility under the Guam Rules of Evidence. The exhibits were disorganized with some not timely lodged with the Court raising further authenticity and chain of custody issues.

Mot. Dismiss at 4. Clearly, the People made errors in their preparation for this trial, but these appear to be errors of negligence.

The Court first notes that the People have extensively contested all the evidentiary rulings in question, brought and argued several motions for reconsideration of those rulings, requested a mistrial themselves on account of one ruling, and even suggested that they would attempt an interlocutory appeal. The People also resisted Defendant's oral motion for mistrial, and even now, they continue to argue the admissibility of the evidence. *See* Opp. Mot. Dismiss at 5-6. While their legal arguments themselves have not been (and are still not) well taken by the Court, this posture suggests the People genuinely believe in their positions. This in turn suggests that the People did not *deliberately* err *in order to* provoke a mistrial, as they do not believe they erred at all.

While the People's subjective views obviously are not dispositive, there is little other evidence before the Court relevant to Defendant's claim. The Court finds nothing in the record that explicitly demonstrates the People's specific intent to cause a mistrial. Defendant has not argued that specific intent can be inferred from any particular evidentiary error, nor does the Court find that any particular error inherently demonstrates such an intent. *Cf. State v. Barton*, 240 S.W.3d 693, 702 (Mo. 2007) ("the fact of the prosecutor's misconduct alone does not prove his intent to prevent an acquittal . . . his misconduct may just as well be attributed to poor judgment."). And the specific kinds of errors here—witness list issues, the failure to present original copies, difficulties establishing a proper chain-of-custody for physical evidence, etc.—are not the kind of errors that

can only occur through calculated efforts. Errors like these can also occur because of disorganization or unpreparedness before trial—in other words, as a result of negligence.

Defendant's primary theory appears to be that he was provoked into requesting a mistrial by the cumulative effect of the evidentiary errors. *See* Mot. Dismiss at 6 ("A mistrial was the only foreseeable consequence of the Government's repeated errors."). However, this argument is difficult to square with a standard that requires a showing of *intentional* conduct on the part of the prosecution. The mere fact that the People committed several errors does not itself prove they intended to err, or that they intended these errors to provoke a mistrial. And if the errors are all unintentional, multiple errors do not create a bar to reprosecution. *See, e.g., United States v. McCallum*, 721 F.3d 706, 711 (D.C. Cir. 2013) ("Because the prosecutor's several violations were unintentional, however, retrial of McCallum is not barred by the Double Jeopardy Clause."); *Commonwealth v. Johnson*, 231 A.3d 807, 817-19 (Penn. 2020).

Defendant also analogizes the evidentiary errors in this case to the crucial error in *People v. Charfauros*, Crim. Case No. CM0387-17. However, the Court finds the error in that case distinguishable. In *Charfauros*, a mistrial was declared, and dismissal with prejudice was granted, because the prosecutor elicited testimony from a witness on a highly prejudicial and fundamentally irrelevant topic. *See* Dec. & Order at 2 (Dec. 17, 2019). Critically, this evidence was elicited only after the Judge had made a finding on the record that the evidence could not be elicited, and after the Judge had issued "repeated warnings to the prosecution" against doing so. *Id.* at 6. When the prosecutor elicited the testimony anyway, the Judge found that he had acted "intentionally and with the purpose of goading defense counsel to object to the testimony." *Id.*

By contrast, the evidentiary errors in this case were made upon evidence that was clearly relevant, arguably probative, and not unfairly prejudicial to Defendant. The People did not introduce the evidence over the Court's warning, nor would the Court have excluded or stricken the evidence

had it been introduced properly. Instead, the evidence was excluded or stricken because the *methods* the People chose to attempt to introduce the evidence were contrary to the Guam Rules of Evidence. The Court does not mean to suggest that the People's errors in this case were not serious; indeed, they were so serious that they required a mistrial. But unlike the error in the *Charfauros* case, the errors in this case do not demonstrate *intentional* conduct. Instead, they demonstrate negligence. And while prosecutorial negligence is condemnable, it does not suffice to sustain a "goading" claim. Under these circumstances, double jeopardy does not bar a retrial.

## 2. Defendant's Due Process Rights Were Not Violated

In line with the prior argument, Defendant also casts the People's actions as a violation of his "due process right to competent prosecution." Mot. Dismiss at 6. Defendant asserts that the Court has the inherent supervisory authority to dismiss an indictment upon prosecutorial impropriety. *Id.* He argues the Court should exercise this authority here because

> [the People's] basic violation of the Court's orders concerning organization of exhibits, and lodging the same with the court as ordered by the Court - factored into the ultimate mistrial. The Government as a whole should be deterred from this type of malfeasance when bringing criminal defendants to trial in Guam. This matter should be dismissed as a stern statement from the Court that the Government must do better.

*Id.* at 7.

While the Court understands Defendant's frustration with the outcome of the first trial, "dismissal of an indictment with prejudice necessarily implicates separation-of-powers principles," and is therefore "impermissible absent a clear basis in fact and law for doing so." *United States v. Bundy*, 968 F.3d 1019, 1031 (9th Cir. 2020). Thus, "for prosecutorial misconduct to support the supervisory exercise of dismissal as a sanction, the misconduct must be both flagrant and prejudicial." *People v. Lujan*, 1998 Guam 28 ¶ 19; *see United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988) ("absent flagrant and prejudicial prosecutorial misconduct, this court will find that

the district court's dismissal of an indictment is an abuse of its discretion."). By contrast, "negligent, or even grossly negligent" behavior does not amount to flagrant misconduct. *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993); *Bundy*, 968 F.3d at 1038 (flagrant misconduct does not include "accidental or merely negligent" errors). Here, the Court has found that the People's errors were negligent, not deliberate. Since negligent errors do not rise to the level of "flagrant misconduct," the sanction of dismissal with prejudice on this basis is unavailable.

### 3. <u>Retrial Would Not Necessarily Violate Defendant's Statutory Speedy Trial Right</u>

Defendant argues that any retrial would violate Guam's Speedy Trial Act, 8 GCA § 80.60, because there is already "no time left on the speedy trial clock to bring [him] to trial again." Mot. Dismiss at 8 (Apr. 16, 2024). Because Defendant was not in custody at the time of his arraignment, his speedy trial clock began with sixty (60) days on it. 8 GCA § 80.60(a)(3). Defendant asserted his right to a speedy trial on January 30, 2024. Defendant calculates that this required him to be brought to trial by April 1, 2024, although in fact his trial did not begin until April 8, 2024. *Id.* at 8. Therefore, Defendant reasons there are zero (0) days left on his speedy trial clock, so any retrial would automatically violate his statutory speedy trial right.

It is undeniable that more than sixty days elapsed between January 30, 2024, and April 8, 2024. Under 8 GCA § 80.60, "if a defendant is not brought to trial within the time prescribed and no good cause is shown, the trial court must dismiss the indictment." *People v. Flores*, 2009 Guam 22 ¶ 23; *Ungacta v. Superior Court*, 2013 Guam 29 ¶ 9. Thus, the question is whether there was good cause for the delay; this is typically found where the delay was caused by, and/or was for the benefit of, the defendant. *Id.* ¶ 26; *see Flores*, 2009 Guam 22 ¶ 40 (good cause found where trial delay was due to appointment of defendant's new attorney); *Quinata v. Superior Court*, 2010 Guam 8 ¶ 37 (good cause found to exclude time spent resolving defendant's motion to dismiss).

Here, although jury trial began on April 8, 2024, it was originally scheduled for March 25, 2024, i.e., within the 60-day limit imposed by 8 GCA § 80.60(a)(3). The two-week delay from March 25 to April 8 occurred at the request of Defendant's counsel. Min. Entry (Feb. 20, 2024). The two-week delay was therefore caused by Defendant and was for Defendant's benefit, and it is therefore excludable for good cause. *See Ungacta*, 2013 Guam 29 ¶ 26. Thus, on the date Defendant's first trial began, a total of fifty-four (54) days had elapsed from Defendant's speedy trial clock, leaving six (6) days remaining.

The Court notes that under 18 USCA § 3161(e) of the federal Speedy Trial Act, the declaration of a mistrial resets the speedy trial clock. *See United States v. Kington*, 875 F.2d 1091, 1107 (5th Cir. 1989); *United States v. Porchay*, 651 F.3d 930, 937 n.5 (8th Cir. 2011). Several states have similar rules. *See, e.g.,* Cal. Penal Code § 1382(a)(2); Kan. Stat. Ann. 22-3402(f); Colo. Rev. Stat. Ann. § 18-1-405(6)(e). Other states hold that the statutory speedy trial right has been satisfied where the trial began within the statutory timeframe, regardless of how the trial ends; accordingly, there is no corresponding "speedy trial clock" governing the retrial, but rather a reasonableness analysis. *See, e.g., People v. Dixon*, 410 N.E.2d 252, 255 (Ill. Ct. App. 1980); *Bryant v. State*, 746 So.2d 853, 867 (Miss. Ct. App. 1998). In Guam, however, there is no similar statute, and there appears to be no Guam Supreme Court precedent on the intersection of speedy trial rights and mistrials. Therefore, six (6) days remain on the speedy trial clock for retrial.

/ /

/ /

/ /

/ /

/ /

## CONCLUSION

Based on the above analysis, the Court **DENIES** Defendant's Motion. The Court further orders that the Pre-Trial Conference be scheduled for July 16, 2024, at 8:45 a.m.

**SO ORDERED** this JUL 1 5 2024 .



_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
_AG, Arriola_

Date: 7/15/24 Time: 11:19am
Albert Caldeo
Deputy Clerk, Superior Court of Guam